UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBRA A. RICHTER, et al.,
    Plaintiffs

vs

KROGER LIMITED PARTNERSHIP I,
    Defendant

Case No. 1:11-cv-459
Weber, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following a telephone discovery conference held on March 16, 2012, before the undersigned magistrate judge on defendant's motion to compel production of documents. (Doc. 16). Defendant requests an order compelling plaintiff Debra Richter to produce notes she prepared and used to refresh her recollection for her deposition. Plaintiff objects to the production of such notes claiming they are protected by the attorney-client privilege.

The Court has carefully reviewed defendant's motion and plaintiff's discovery statement (attached hereto) and determines that the notes are discoverable pursuant to Fed. R. Evid. 612 as a writing used to refresh a witness's memory. As stated during the conference, the undersigned is persuaded by the Court's rationale in *TattleTale Portable Alarm Systems, Inc. v. Calfee, Halter & Griswold, LLP*, 276 F.R.D. 573 (S.D. Ohio 2011) that, in the interests of justice, the factual information contained within the notes should be produced to defendant to insure the fair, complete, and accurate disclosure of information in the discovery process. Defendant has proposed, and the Court agrees, that if there is anything in the notes that references attorney-client communications or plaintiff's or her counsel's thought processes (or anything similar), such information can be redacted and the remainder of the notes produced. Therefore, the Court ordered plaintiff to submit the notes for an *in camera* review for purposes of redaction of privileged communications and/or attorney or client thought processes. The Court has reviewed

the notes and has redacted the privileged information from such documents. Accordingly, defendant's motion is **GRANTED**, subject to the redaction of privileged information.

The Clerk of Court is **DIRECTED** to send a copy of the redacted version to the parties in this matter. The Clerk is further **DIRECTED** to file a copy of the original notes under seal to preserve the record in this case.

**IT IS SO ORDERED.**

Date: 3/21/2012

Karen L. Litkovitz
United States Magistrate Judge



| | | |
|---|---|---|
| Randolph H. Freking*** | Freking & Betz, llc | Ann Koize Wittenauer |
| Sheila M. Smith | 525 Vine Street | Tod J. Thompson |
| Carrie Atkins Barron** | Sixth Floor | Elizabeth S. Loring |
| Kelly Mulloy Myers* | Cincinnati, Ohio 45202 | Katherine Daughtrey Neff |
| George M. Reul, Jr. | Telephone: 513-721-1975 | |
| Mark W. Napier* | Facsimile: 513-651-2570 | Of Counsel: |
| Charles T. McGinnis, III | | Brian P. Gillan |
| Jon B. Allison | www.frekingandbetz.com | *Admitted in Kentucky and Ohio |
| | | **Admitted in Indiana, Illinois and Ohio |
| | greul@frekingandbetz.com | ***Admitted in Colorado, Kentucky and Ohio |

March 15, 2012

**VIA ELECTRONIC MAIL**
(*Litkovitz_chambers@ohsd.uscourts.gov*)
Magistrate Judge Karen L. Litkovitz
United States District Court
Southern District of Ohio, Western Division
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 716
Cincinnati, Ohio 45202

      Re:    Debra Richter, et al. v. The Kroger Company
              Case No. 1:11-cv-459

Dear Judge Litkovitz:

      This matter is before the Court on Defendant's motion to compel the production of attorney-client privileged communications between Plaintiff Debra Richter and me. (Doc. 16). Prior to her deposition I asked Ms. Richter to make written notes and provide them to me to give me a sense of how she perceived various elements of her claims. Ms. Richter did that with her husband according to her deposition testimony and provided the notes to me before she was deposed February 22nd.

      Defendant asserts these notes are discoverable pursuant to F.R.E. 612 because Ms. Richter testified that she reviewed the notes before testifying to refresh her memory to prepare for her deposition. Defendant concedes that whether this privileged communication between Plaintiff and counsel must be produced is a matter of discretion for the Court. (Doc. 16, p. 6.)

# FREKING & BETZ

Re: Debra Richter, et al. v. The Kroger Company
Case No. 1:11-cv-459
March 15, 2012
Page Two

    Defendant has provided no compelling reason why the notes must be produced. Ms. Richter was subjected to two full days of intense questioning by Defense counsel during a videotaped deposition that exceeded the seven hours allotted under F.R.C.P.30(d)(1). Defendant has had a full and fair opportunity to cross examine Ms. Richter. Under the circumstances, Defendant has not and cannot show that the interests of justice compel production of attorney-client privileged documents.

    These notes are entitled to no less protection than Ms. Richter's oral communications with me in preparing for her deposition. It would be prejudicial to Ms. Richter to have to reveal these communications with her attorney.

    Finally, the *TattleTale* case cited by Defendant in it's motion is clearly distinguishable. The issue in that case involved an assertion of work product because the Plaintiff witness in that case reviewed a time-line prepared by his attorney to prepare for his deposition. That is an entirely different situation than at issue here.

    Plaintiff respectfully requests that this Court deny Defendant's motion to compel and protect the privileged communications between Ms. Richter and her counsel.

Sincerely,

George M. Reul, Jr.

GMR/ad

cc: (*via electronic mail*)
Gary L. Greenberg, Esq. ( garygreenberg@drgfirm.com)
Robert D. Shank, Esq. (rshank@drgfirm.com)